**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

| | |
|---|---|
| MERIT LIFE INSURANCE CO.,<br><br>Plaintiff,<br><br>-v-<br><br>CHRISTINE K. PETERS, JOHN A. PETERS, and BELINDA L. COLLINS,<br><br>Defendants. | Case No. 8:26-cv-03289 |

## COMPLAINT FOR INTERPLEADER

Plaintiff Merit Life Insurance Co.[1] ("Merit Life"), by and through its undersigned attorneys, files this Complaint for Interpleader against Defendants Christine K. Peters ("Mrs. Peters"), John A. Peters ("Mr. Peters"), and Belinda L. Collins ("Ms. Collins") (collectively, "Defendants") pursuant to 28 U.S.C. § 1335 and states as follows:

### Nature of Action

1. This is an interpleader action to resolve competing claims among the Defendants regarding the death benefit proceeds and all other rights and benefits (the "Contract Proceeds") payable under Individual Deferred Fixed Annuity Contract No. XXXXXX0762 (the "Contract") owned by Leonard D. Peters (the "Decedent").

[1] Merit Life Insurance Co. operates using the brand name Knighthead Life.

2. Merit Life is indifferent to and has no stake regarding which of the Defendants is entitled to the Contract Proceeds and seeks an Order from this Court permitting it to deposit the Contract Proceeds into the Registry of this Court, restraining Defendants from instituting or prosecuting any other proceeding affecting the Contract Proceeds, and discharging Merit Life from further liability.

**Parties**

3. Merit Life is an insurance company organized and existing under the laws of the State of Oklahoma, with its principal place of business at 1900 South Boulevard, Suite 300, Charlotte, North Carolina 28203.

4. Upon information and belief, Mrs. Peters resides at 2707 Durant Trails Boulevard, Dover, Hillsborough County, Florida 33527, and is a citizen of Florida.

5. Upon information and belief, Mr. Peters resides at 203 Grove Road, Greenville, South Carolina 29605, and is a citizen of South Carolina.

6. Upon information and belief, Ms. Collins resides at 3354 McKinley Street, Lorain, Ohio 44052, and is a citizen of Ohio.

**Jurisdiction and Venue**

7. This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1335 because Merit Life has in its custody or possession money or property of the value of $500 or more, namely the Contract Proceeds, and two or more adverse claimants of diverse citizenship, as defined in 28 U.S.C. § 1332, are claiming or may claim to be entitled to such money or property.

8. Minimal diversity exists among the adverse claimants because Mrs. Peters is a citizen of Florida, Mr. Peters is a citizen of South Carolina, and Ms. Collins is a citizen of Ohio.

9. The amount in controversy exceeds $500. The Decedent funded the Contract with an initial premium of $200,000.00.

10. Venue is proper in this District and Division pursuant to 28 U.S.C. § 1397 because one of the claimants, Mrs. Peters, resides in Hillsborough County, Florida, which lies within the Tampa Division of the Middle District of Florida.

11. Because this is a statutory interpleader action under 28 U.S.C. § 1335, this Court has personal jurisdiction over the Defendants pursuant to 28 U.S.C. § 2361.

12. Pursuant to 28 U.S.C. § 1335(a)(2), Merit Life will file a Motion for Interpleader of Proceeds, Discharge, Dismissal with Prejudice, and Attorney's Fees and Costs seeking leave to deposit the Contract Proceeds into the Registry of this Court.

## Factual Background

13. On May 13, 2025, the Decedent executed an application for an Individual Deferred Fixed Annuity (the "Application"). A true and correct copy of the Application is attached hereto as **Exhibit A**.

14. The Application identified the Decedent as the Primary Owner and as the Annuitant. The Joint Owner section of the Application is blank. *See* Ex. A at 1–2.

15. The Application identified Mrs. Peters, the Decedent's spouse, as Joint Annuitant. *Id.* at 2.

16. The Application designated Mr. Peters, identified as the Decedent's son, and Ms. Collins, identified as the Decedent's daughter, as equal Primary Beneficiaries. *Id.* at 3.

17. The Application reflected a total initial premium of $200,000.00. *Id.* at 4.

18. The Decedent electronically signed the Application as the Primary Owner, Mrs. Peters electronically signed it as the Joint Annuitant, and Rodney L. Underdahl ("Mr. Underdahl") electronically signed it as the Decedent's insurance agent. *Id.* at 5–6. Mrs. Peters did not electronically sign the Application as Joint Owner; the Joint Owner signature line is blank. *Id.*

19. By signing the Application, the Decedent declared that he had read the Application and that the information and statements therein were true and complete. *Id.* at 5.

20. Merit Life issued the Contract on the basis of the Application with an effective date of May 21, 2025. A true and correct copy of the Contract is attached hereto as **Exhibit B**.

21. On July 9, 2025, the Decedent executed a Delivery Receipt confirming the delivery, receipt, and acceptance of the Contract and acknowledging that he had "a period of time to thoroughly examine this contract" and that, if he "should decide the contract is not acceptable," he could "return the contract to the insurer for a refund." A true and correct copy of the Delivery Receipt is attached hereto as **Exhibit C**.

22. Merit Life has no record that the Decedent ever returned the Contract or sought to amend the ownership or beneficiary designations under the Contract.

23. The Contract provides that "[a] spouse as recognized under federal law who is a Joint Owner or Beneficiary of the deceased Owner, may elect to continue the Contract in his or her own name at the current Accumulation Value and exercise the Owner's rights under the Contract instead of taking the standard death benefit." *See* Ex. B at 12.

24. The Contract further provides that, upon the Owner's death before the Income Date, Merit Life "will pay the death benefit to the Beneficiary(ies) designated by You," and that, "[i]n the event of the death of a Joint Owner, the surviving Joint Owner, if any, will be the Primary Beneficiary." *Id.* at 11.

25. The Contract also provides that "[n]o producer/advisor has authority to change or waive any of this Contract's provisions" and that "[n]o change to or waiver of this Contract's terms is valid unless in writing and signed by a Company Corporate Officer." *Id.* at 6.

26. The Decedent died on June 24, 2026, in Hillsborough County, Florida.

27. On August 13, 2026, Mr. Underdahl submitted to Merit Life, on behalf of Mrs. Peters, an Annuity Claimant's Statement executed by Mrs. Peters, together with the Decedent's death certificate, a copy of Mrs. Peters' driver's license, a voided check, and an IRS Form W-4R, seeking spousal continuation of the Contract (the "Claim"). A true and correct copy of the Claim is attached hereto as **Exhibit D**.

28. On August 25, 2026, Merit Life advised Mr. Underdahl via telephone that it could not continue the Contract in Mrs. Peters' name because the Contract did not designate her as a Joint Owner or Beneficiary.

29. On September 2, 2026, Mr. Underdahl informed Merit Life via telephone that he believed a spouse automatically becomes the beneficiary at death under Florida law, that Mrs. Peters is dependent on the funds, and that Merit Life should have flagged the Application for the absence of a Joint Owner.

30. Merit Life advised Mr. Underdahl that the designated beneficiaries could direct Merit Life to apply their shares of the death benefit to fund a new annuity contract owned by Mrs. Peters.

31. On September 25, 2026, via telephone, Mr. Underdahl informed Merit Life that Ms. Collins is the Decedent's sister, not his daughter as stated in the Application, and expressed concern that Ms. Collins may decline to proceed in that manner and instead claim the proceeds for herself.

32. On October 2, 2026, Mr. Underdahl wrote to Merit Life acknowledging that, in completing the Application, he "must of [*sic*] selected Individual by mistake" and that he added Mrs. Peters as Joint Annuitant. A true and correct copy of the October 2, 2026 correspondence is attached hereto as **Exhibit E**. Mr. Underdahl asserted that the Contract should be reformed under Florida law on the basis of "Mutual Mistake," that the Decedent and Mrs. Peters intended to own the Contract jointly, and that Merit Life should treat Mrs. Peters as "a joint owner and surviving spouse." *Id.*

33. By letter dated October 5, 2026, Merit Life informed Mr. Underdahl that it had issued and administered the Contract in accordance with the Application as submitted, with the Decedent as Owner, Mrs. Peters as Joint Annuitant, and Mr. Peters and Ms. Collins as Primary Beneficiaries. Merit Life reiterated that the Contract was not available for spousal continuation, that Merit Life must continue to administer the Contract in accordance with its terms, and that Merit Life would distribute death claim materials to the listed beneficiaries. A true and correct copy of the October 5, 2026 letter is attached hereto as **Exhibit F**.

34. On October 7, 2026, Mr. Underdahl responded that he did not agree with Merit Life's decision, restated that he "admitted to submitting [the Application] in error," and asserted that the "Florida Doctrine of Reformation" would permit payment of the Contract Proceeds to Mrs. Peters "per the original intent of Leonard & Christine Peters." A true and correct copy of the October 7, 2026 correspondence is attached hereto as **Exhibit G**.

35. Mrs. Peters, through Mr. Underdahl, maintains that she is entitled to the Contract Proceeds or to continue the Contract in her own name.

36. Mr. Peters and Ms. Collins, as the designated equal Primary Beneficiaries, are entitled to claim the Contract Proceeds under the terms of the Contract. Defendants therefore have adverse and competing claims to the Contract Proceeds.

37. Merit Life has not paid any portion of the Contract Proceeds to any claimant.

**Count I – Interpleader**

38. Merit Life incorporates by reference each of the preceding allegations as if fully set forth herein.

39. Defendants' claims to the Contract Proceeds are, or may be, adverse and conflicting, and Merit Life cannot determine which Defendant or Defendants are legally entitled to the Contract Proceeds without exposing itself to the risk of multiple liability.

40. If Merit Life pays the Contract Proceeds to the designated beneficiaries in accordance with the Contract as written, Merit Life faces potential liability to Mrs. Peters, who has submitted the Claim and contends that the Contract should be reformed on the basis of mutual mistake. If Merit Life pays the Contract Proceeds to, or continues the Contract in the name of, Mrs. Peters, Merit Life faces potential liability to Mr. Peters and Ms. Collins, the designated equal Primary Beneficiaries under the Contract.

41. Merit Life is therefore an innocent and disinterested stakeholder facing the possibility of multiple liability and incidental costs on a single obligation.

42. Merit Life has, at all times, been willing to perform all contractual obligations to the rightful claimant(s) under the Contract.

43. Merit Life has filed this Complaint for Interpleader of its own accord to avoid multiple liability and unnecessary suits and costs, and it stands ready to deposit the Contract Proceeds into the Registry of this Court upon the Court's order. Merit Life will abide by the judgment of this Court.

**Prayer for Relief**

**WHEREFORE,** Plaintiff Merit Life Insurance Co. requests:

a. That the Court require Defendants to interplead and settle among themselves their conflicting claims to the Contract Proceeds payable under Contract No. XXXXXX0762;

b. That the Court, pursuant to 28 U.S.C. § 2361, restrain and enjoin Defendants from instituting or prosecuting any action or proceeding in any State or United States court affecting Contract No. XXXXXX0762 or the Contract Proceeds;

c. That the Court enter an order granting Merit Life's forthcoming Motion for Interpleader of Proceeds, Discharge, Dismissal with Prejudice, and Attorney's Fees and Costs, and permitting Merit Life to deposit the Contract Proceeds into the Registry of this Court;

d. That the Court enter a declaratory judgment awarding the Contract Proceeds and the rights under Contract No. XXXXXX0762 to the rightful claimant(s);

e. That the Court release and discharge Merit Life from all liability to any party to this action on account of the matters relating to the Contract Proceeds or Contract No. XXXXXX0762, conditioned only upon Merit Life's compliance with any future order or judgment of the Court concerning the Contract;

f. That the Court award Merit Life its reasonable costs and attorney's fees, payable from the Contract Proceeds; and

g. That the Court grant Merit Life such other and further relief, at law or in equity, to which it may be justly entitled.

Dated: October 29, 2026

Respectfully submitted,

FAEGRE DRINKER BIDDLE & REATH LLP

*/s/ Andrew J. Koehler*
Andrew J. Koehler
Florida Bar No. 1040358
1500 Jackson Street, Suite 201
Fort Myers, FL 33901
Tel: (239) 286-6900
Fax: (239) 244-9053
andrew.koehler@faegredrinker.com

*Attorney for Plaintiff Merit Life Insurance Co.*